## THE STATE v. MATHEISON *et al.*

**Liquor Nuisance:** INJUNCTION : EVIDENCE. Action to enjoin a liquor nuisance. The evidence establishes that defendant kept a public eating-house and restaurant; that he kept intoxicating liquors ; that he paid a special tax to the United States as a liquor dealer ; and that the reputation of his place was that of a place where intoxicants were kept and sold. Adding to the presumptions which arise from these facts, under the statute, the testimony tending to show actual sales ( for which see opinion ), *held* that the state was entitled to an injunction and a judgment for costs, including an attorney's fee.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, MAY 17, 1889.

ACTION in equity, under chapter 66, Acts of Twenty-first General Assembly, to enjoin a nuisance. There is nothing on file in this court but the appellant's abstract and argument. The abstract shows the pleadings and testimony, and that the court "rendered judgment therein, dismissing the plaintiff's bill, and rendered judgment against plaintiff for costs, to which judgment and ruling the plaintiff then and there excepted." Also, that on November 23, 1888, a notice of appeal was duly served on the clerk of the district court and the attorney for defendants.

*Milton Remley*, for appellant.

*Geo. A. Ewing*, for appellees.

GIVEN, C. J.—I.   The only question to be deter-
mined on this appeal is whether under the testimony
there should not be a decree for permanent injunction
against the defendants, and judgment for costs, includ-
ing an attorney's fee.   Ten witnesses were examined
in behalf of the state.   One testified that defendant
Charles Matheison had paid an internal revenue tax as
a retail liquor dealer at Lone Tree, Iowa, April 30,
1887, and that fifty dollars to sixty dollars would be a
reasonable attorney's fee for prosecuting this case.
Another testified that on notice the district attorney
refused to prosecute this case, and another that "the
reputation of Matheison's place in the community is
that it is a place where they sell something stronger
than cider or beer—something calculated to intoxicate."
The other seven were called to show the keeping for sale
and selling intoxicating liquors, and testified with a
reluctance so frequently manifest on such examinations.
The testimony of four of them shows very satisfactorily
that at different times the defendant Charles Matheison
had furnished each of them with whiskey in his place.
Neither testified directly to payment; but their state-
ments leave no doubt but that it was furnished for a
consideration, and under the circumstances show an
intention to evade the provisions of the statute.   Two
testify to the purchase of cider.   The defendant testi-
fied that he did not sell sweet apple cider, but cham-
pagne and peach cider.   The other witness for the state
testified to the purchase of "zodone," which "I said
looked like whiskey, I supposed was whiskey.   I would
not say it was poor whiskey, exactly.   I do not know
what it was.   It never had any effect on me.   If you
would drink enough it might.   I do not think it was
part whiskey.   I got it because I wanted something to
stimulate me."   There was testimony as to the sale of

"hot shot" and other drinks. The only reference in the testimony to the defendant Mrs. Charles Matheison is in the testimony of De Forest, that when he called for whiskey, Charles Matheison said he did not keep whiskey for sale, but his wife had some that she kept for her private use, and that he went and got the whiskey, and handed it to them over the counter. The defendant testified that he never sold, or kept for sale, intoxicating liquors in his place; that the drinks he sold were not intoxicating; that he took out a government license, as his neighbors were troubling him, and it was cheaper to pay twenty-five dollars to the government than to run the risk. He also testified as to the manufacturers from whom he got the drinks that he sold, and that none of them were intoxicating. John Reed, son-in-law of the defendant, testified that he was about the place a great deal, and never knew of the defendant's keeping or selling any intoxicating liquors, and that "hot shot," "zodone," and other drinks kept by the defendant, were not intoxicating.

It is evident from this testimony that the defendant kept a public eating-house and restaurant; that he kept intoxicating liquors; that he paid special tax to the United States as a liquor dealer; and that the reputation of his place was that of a place where intoxicants were kept and sold. Adding to the presumptions that arise under the statute from these facts the testimony tending to show actual sales, we cannot doubt that the allegations of the petition were fully established, and that an injunction should issue. We think that fifty dollars was a reasonable attorney's fee for prosecuting the case in the district court, and that an additional $—— should be allowed for prosecuting this appeal. The decree of the district court is affirmed as to the defendant Mrs. Charles Matheison and reversed as to the defendant Charles Matheison. A decree should be entered against Charles Matheison, granting an injunction as prayed, and judgment for costs, including an attorney's fee.